Aug. 13,                    CHANDLER v. COE.
1875.

*Removal to Federal Court—Petition for, when entertained.*

In accordance with the provisions of the Revised Statutes of the United States, enacted June 22, 1874, and the subsequent act of congress of March 3, 1875, a cause will not be removed from a state court to the circuit court of the United States, unless the petition for such removal be filed in the state court before or at the term at which said cause could first be tried, and before the first trial thereof.

Such petition will not, therefore, be entertained, when filed in the state court after a verdict in the cause has been rendered, notwithstanding the verdict may have been set aside for error and a new trial ordered.

FROM Coös CIRCUIT COURT.

The plaintiff is a citizen of New Hampshire. The defendants were citizens of Maine. The defendant, S. R. Bearce, is now dead, and his death has been suggested on the record. The cause was tried by jury at the November term, 1873, of the supreme judicial court for this county, resulting in a verdict for the plaintiff. That verdict was set aside by the whole court at the June term, 1874, and a new trial granted. At the November term of the circuit court, 1874, upon petition of the defendant, an order was entered on the docket for the removal of the cause to the federal court, an affidavit and bond being filed in accordance with the act of congress of 1867. At the present term the cause stood upon the printed docket, and, although copies in due form had been made out by the clerk at the request of the defendants to be entered in the United States circuit court, the cause had not been actually entered there, the copies had not been taken from the manual custody of the clerk, and no term of said United States circuit court had intervened.

The plaintiff moved that the order of removal, made at the last November term, be rescinded. This motion was granted by the court, and the defendants excepted. All questions of law and discretion arising upon the foregoing statement were transferred by LADD, J.

*Ray & Drew* and *Geo. A. Bingham,* for the plaintiff.

*Fletcher & Heywood* and *Burns & Heywood,* for the defendants.

*FOSTER, C. J., C. C. The defendant filed his petition for the removal of this cause into the United States court at the November term of our circuit court, 1874. His rights in respect of the removal of the cause, therefore, depend upon the provisions of the Revised

---

* LADD, J., having presided at the trial, did not sit.

Statutes of the United States, enacted June 22, 1874, and the subsequent act of congress of March 3, 1875, and not upon the provisions of the acts of 1866 or 1867, which were repealed by the enactment of the Revised Statutes. The propriety of the rescission by the judge presiding at the April term, 1875, depends upon the settlement of the question whether the defendant was entitled, under the federal statutes, to have the cause removed, after one trial upon its merits, before a second trial, which had been ordered by the full bench for error in the previous trial.

By the terms of the U. S. Rev. Stats., ch. 7, sec. 639, par. III, the petition for removal must be filed " before the trial or final hearing of the suit."

In *Whittier* v. *The Hartford Fire Ins. Co.*, 55 N. H. 141, at the last March session of this court, my brother SMITH, the other judges concurring, expressed his interpretation of the language used in the statute as meaning, not before the final trial or final hearing, but before any trial or any final hearing of the suit.

In *Insurance Co.* v. *Dunn*, 19 Wall. 214, in construing the act of congress of 1866, in which the words used were the same as those adopted in the revision of 1874—" at any time before the trial or final hearing"—SWAYNE, J., said,—" The language above quoted—' at any time before the final hearing or trial of the suit '—of the act of March 2, 1867, is not of the same import as the language of the act of July 27, 1866, on the same general subject—' at any time before the trial or final hearing ';" and his deduction is, that under the act of 1867 a removal might properly be made, after a trial on the merits and a judgment on the verdict, in a state where by local statute the party could still demand, as of right, a second trial, but that doubts, at least, might be entertained as to whether such would be the proper construction of the act of 1866 ; and if, as he suggests, the change was deliberately made in 1867 to obviate those doubts and to make the latter act more comprehensive, so it is equally fair to presume that the change in 1874 to the language used in the act of 1866 was deliberately made, not to revive " doubts that might possibly have arisen" under the act of 1866, but to make the latter act (of 1874) more restrictive.

Happily, no doubts can remain concerning the present intention of congress to limit the removal of causes from the state to the federal courts to a period antecedent to the first trial of the suit ; for the act of March 3, 1875, sec. 3, provides that the petition for removal shall be filed in the state court " before or at the term at which said cause could be first tried, and before the trial thereof."

This act was passed some weeks before the judge made the order of rescission in the present case, and this declaration of the law and policy of the federal congress manifests the prudence of the judge's order, so far as the matter rested in his discretion.

In *Whittier* v. *Insurance Co.*, the petition for removal was made after a trial and judgment, unreversed by the proceedings in review : but the distinction between that case and the present is one without substantial

difference, as it seems to me, for in this case, as in that, the defendant, the verdict against him having been set aside, was as much entitled to demand a new trial, as in the former case the party was entitled to demand it under the statute granting a right of review. In both cases there was one trial of the cause upon its merits before application for removal, and in neither case was that one trial a final trial. In *Whittier* v. *Insurance Co.*, the petition for removal was denied.

In *Galpin* v. *Critchlow*, 13 Am. Law Reg. (N. S.) 137 (probably to be published in 114 Mass.), it was decided that an action cannot be removed from a state court into the circuit court of the United States under the act of congress of 1867, after a trial on the merits, although such trial has resulted in a disagreement of the jury.

*A fortiori*, if the reasoning of Judge SWAYNE and my brother SMITH is correct, such cause could not in the same circumstances be removed under the act of 1866.

It will be borne in mind that the terms used in the act of 1866 are " before the trial or final hearing: " those employed in the act of 1867 are " before the final hearing or trial."

In *Galpin* v. *Critchlow*, Mr. Chief Justice GRAY does not contend that these terms are not equivalent. They are, in fact, whatever may have been the intention of the legislators, mere transpositions in the two several acts. And, regarding the words under consideration as practically synonymous, the learned chief justice infers that the act of 1866 (and 1867, likewise) " has regard to suits in equity as well as at law ; " because it enlarges the right of removal under the act of 1789 (which was " at any time before trial "), by conferring the right in suits brought " for the purpose of restraining or enjoining " the defendant. In the act of 1866, ch. 288, we find for the first time, if I am not mistaken, the words " or final hearing of the cause " added to the words " at any time before the trial."

" Trial," says Mr. Chief Justice GRAY, appropriately designates a trial by the jury of an issue which will determine the facts in an action at law ; and ' final hearing,' in contradistinction to hearings upon interlocutory matters, the hearing of the cause upon its merits by a judge sitting in equity. The whole effect of the change in the statute in this respect seems to us to have been to allow the defendant the same time to elect whether he will remove the case into the federal court, as he has to prepare for a trial at law, or hearing upon the merits in equity in the state court ; * * * but not to allow him, after the experiment of entering upon one such trial or hearing in the court in which the suit is commenced, to transfer the case to another jurisdiction."

The learned chief justice " cannot believe that congress, by transposing " the words, " intended that a right of removal depending upon a mere affidavit of the party to a condition of things which litigants are too often prone to suspect, and conferred by this statute upon a plaintiff who has voluntarily resorted to the state court, as well as a defendant who has been compelled to appear therein to protect his rights, should be exercised after once submitting the case to be decided in the

state court upon its merits, and at a later stage than any other suit is authorized to be removed from the state to the federal courts, except by writ of error after judgment."

Judge REDFIELD, in a note appended to this case as reported in the Law Register, commends the opinion not only for the "ingenious and happy argument" presented therein, but for its "fairness and dignity," calculated, as the conclusion of the court is, "to maintain proper respect for the spirit of the national legislation in general, especially towards the state courts."

In holding that the ruling of the judge at *nisi prius*, rescinding the order for a removal of this cause before the intervention of a term of the federal court at which it could have been entered, was right in point of law and sound descretion, we do no more than declare, without arrogance or assumption, that, except by writ of error from the supreme court of the United States, whose judgment is conclusive upon all the judicial tribunals of the land, the jurisdiction of our own state courts is not to be reduced to "very inferior and insignificant proportions."

If the views which I have expressed are sustained by my brethren, the defendant's exceptions must be overruled.

CUSHING, C. J., and SMITH, J., concurred.

*Exceptions overruled.*